(Nos. 17392-17404.—Judgments affirmed.)

THE REPUBLIC CASUALTY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARY C. DOOLEY, Defendant in Error.)—THE REPUBLIC CASUALTY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DENNIS HARMON, Defendant in Error.)

*Opinion filed June 16, 1926.*

1. WORKMEN'S COMPENSATION—*when circuit court may review question not passed upon by Industrial Commission.* Under paragraph (*f*) of section 19 of the Compensation act, giving the circuit court power "to review all questions of law and fact presented" by the record of the Industrial Commission, the circuit court may exercise its own judgment both as to the law and facts arising on such record, and although the Industrial Commission has refused to pass on the question of the liability of an insurance company under the terms of an industrial policy and sets aside the award of the arbitrator as to the insurance company, the circuit court may pass upon the question and enter an award.

2. SAME—*when accident is covered by terms of insurance policy.* An accident resulting in the injury of one and the death of another employee from a falling wall while they were engaged in digging around a gasoline tank for the purpose of removing the same from the employer's premises comes within the terms of an industrial accident policy of the employer which by its express provisions covers all business operations, including "all repairs or alterations to premises."

WRITS OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

THOMAS C. ANGERSTEIN, and CAMERON & ANDERSON, (GEO. W. ANGERSTEIN, of counsel,) for plaintiff in error.

QUINN & QUINN, (FRANK J. QUINN, and CHARLES V. O'HERN, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Mary C. Dooley, widow of Edward P. Dooley, deceased, and Dennis Harmon, each filed a petition for adjustment of compensation before the Industrial Commission, making Dooley Bros., a corporation, the Travelers Insurance Company, a corporation, and the Republic Casualty Company, plaintiff in error, parties respondent to said petitions. The death of Edward P. Dooley and the injury to Dennis Harmon were caused by the falling of a wall on the premises of Dooley Bros., in the city of Peoria. The arbitrator entered an award on each of these petitions against Dooley Bros. and the Republic Casualty Company and dismissed the petition as to the Travelers Insurance Company. On review the Industrial Commission confirmed the award in each case as against Dooley Bros. but set it aside as to the Republic Casualty Company, stating in its finding that it refrained from passing upon the liability of the Republic Casualty Company and the Travelers Insurance Company. Upon review the circuit court of Peoria county denied the motion of the Republic Casualty Company to quash the writ of *certiorari,* and held that the decision of the commission in refraining from passing upon the liability of the Republic Casualty Company and the Travelers Insurance Company was not according to law. The court found and entered an award against Dooley Bros. and the Republic Casualty Company and dismissed the Travelers Insurance Company out of the case. Plaintiff in error filed a petition in each case for writ of error, and, the same being allowed, the causes have been consolidated for hearing in this court. Dooley Bros. are not contesting the award.

The assignments of error raise the points that the Industrial Commission having made no award against plaintiff in error the circuit court had no jurisdiction to enter such an award, and that there was involved before the

commission the construction of the policy of insurance, which was a question of law beyond the jurisdiction of the commission to decide, and this being so, the circuit court likewise was without such jurisdiction. The third and principal contention of the plaintiff in error is that the accident which caused the death of Dooley and the injury to Harmon was not covered by the policy.

Regarding the first contention, it is sufficient to say that under paragraph (*f*) of section 19 of the Workmen's Compensation act the circuit court has power "to review all questions of law and fact presented" by the record of the Industrial Commission. That court exercises its own independent judgment both as to the law and facts arising on such record. *Inland Rubber Co.* v. *Industrial Com.* 309 Ill. 43.

By paragraph (*e*) of section 19 of the Compensation act the Industrial Commission is required to review the decision of the arbitrator on all questions of law and fact which appear from the statement of facts or stenographic report. The matter of coverage under the insurance contract was before the commission, and it was its duty to pass upon it. The question was in the record, and the circuit court had power to pass upon it on *certiorari*, without regard to whether the commission discharged its duty in that particular.

In support of the third contention, plaintiff in error calls attention to various provisions of its contract of insurance. This contract is one of a form in common use in workmen's compensation insurance. In it the operations of the assured, Dooley Bros., were designated under the head "Classification of operations," as follows: "Dealers in coal and miners' supplies." "Dealers in blasting powder, dynamite and blasting caps in original packages, only, including drivers, drivers' helpers, chauffeurs and chauffeurs' helpers." By the provisions of the policy relating to premiums, a check of the pay-roll was to be made at the end of each

year and the premium based upon such pay-roll. It is not claimed that the deceased, Dooley, and the injured employee, Harmon, were not included in that pay-roll. The contract by its provisions also covers "all business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined in the above, as declared in each instance by a disclosure of estimated remuneration of employees under such of the following divisions as are undertaken by this employer: (1) All industrial operations on the premises; (2) all office forces; (3) all repairs or alterations to premises; (4) specially rated operations on the premises; (5) operations not on the premises."

Edward P. Dooley's employment was in the capacity of foreman over the truck and wagon drivers in the coal business. He also had charge of the coal yard. His salary was listed under "clerical hire" in the policy schedule, and his duties took him about the premises in connection with the general business of Dooley Bros. carried on there. He also had a desk in the office. It is not contended that he was not within the scope of his employment at the time of the accident. Harmon was an employee engaged at common labor. His duties required that he help about the yard and premises of Dooley Bros. in the matter of handling coal or other business of his employer. The evidence discloses that Dooley Bros., previous to and on the day of the accident, was engaged in tearing down an old garage and shed on its premises adjoining the office of the company. On July 28, 1923, the date of the accident, other employees were engaged in taking down the garage. Harmon was engaged, under the direction of Edward P. Dooley, in digging up a gasoline tank buried in the ground on the premises of Dooley Bros. near one of the outer walls of the garage. This outside wall fell, killing Dooley and injuring Harmon. The record shows that the purpose of taking up the tank was to get it out of the way and for possible use of

it in the future.   The tank was buried in the ground out-
side the garage.

It is contended that the work in which Dooley and Har-
mon were engaged was not that of "repairs or altera-
tions to premises" covered by the policy, but that it was a
part of the destruction of the old building for the purpose
of erecting a new building, and that the removal of the
tank caused the wall to fall.   The record does not support
the contention that the removal of the tank was a part of
the work of tearing down the old garage or had anything
to do with the falling of the wall.   The tank was in nowise
connected with the wall.   The record does show, however,
that the dangerous condition of the wall was brought about
by the destruction of the garage.   It cannot be said that
the work of digging up the tank was a part of the destruc-
tion of the building, though the purpose of its removal was
to get the premises ready for a new building, which the rec-
ord shows was afterward built.

Plaintiff in error cites in support of its contention that
these operations are not to be included in "repairs or alter-
ations to premises," the case of *People's Ice Co.* v. *Em-
ployers Liability Assurance Corp.* 36 N. E. (Mass.) 754.
In that case the policy covered the trade or business of ice
dealers, specifying the operations carried on by the assured
to be cutting and handling ice.   The applicants in that case
were injured while engaged in the building of a new ice
house on the premises, and the court held that the policy
did not cover injuries arising in such occupation.   Defend-
ants in error cite the case of *Hoven* v. *Employers Liability
Assurance Corp.* 93 Wis. 201.   In that case the policy cov-
ered all operations connected with the business of "iron
and steel works," and the employee at the time of his in-
jury, and while employed in the manufacturing department,
was struck by a girder being handled by a crew construct-
ing a building on the premises.   It was there held that the
policy covered the injury, on the ground that the building

under construction was for the use of the assured in its business. While these cases appear not in exact accord in the application of the principles involved, neither of them is in point here, for the reason that the facts in this case show that the injury arose while the deceased and the applicant were engaged in excavating a gasoline tank, which it seems clear to us was an alteration of the premises. The purpose for which such alteration was being made is in nowise material, as the policy does not limit its application to any specific purpose or purposes of such alteration. This being true, the injury was directly covered by that provision of the policy, and the court did not err in entering the award against the plaintiff in error and Dooley Bros. It is not contended that there is any liability on the part of the Travelers Insurance Company.

The judgments of the circuit court are affirmed.

*Judgments affirmed.*